# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY K. BALTHROP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-216-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The claimant Tracy K. Balthrop requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.¹

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court

---

¹ Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

must review the record as a whole, and "[t]he substantiality of evidence must take into account whether the record detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

**Claimant's Background**

The claimant was born on May 17, 1955, and was 50 years old at the most recent administrative hearing. He has a high school education plus an associate's degree in electronics and previously worked as an instrument technician, maintenance electrician, and maintenance mechanic. The claimant alleges he has been disabled since September 18, 1998, because of pain in the neck, back, leg, and left wrist.

**Procedural History**

On January 28, 2004, the claimant filed an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, and on March 5, 2004, he protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Both applications were denied.[2] An administrative hearing was conducted and ALJ Michael Kirkpatrick determined that the

---

[2] The claimant filed prior applications for disability insurance benefits and social security income payments in August 2001, both of which were denied by an unfavorable decision. The decision was appealed and ultimately affirmed by the Tenth Circuit Court of Appeals in *Balthrop v. Barnhart*, 2004 WL 2677697 (10th Cir. Nov. 24, 2004). With regard to the claimant's current applications, the ALJ determined that the relevant period of time for review began on August 27, 2002, the day after the ALJ's decision on the prior applications. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (finding that the ALJ's decision not to reopen claimant's prior applications for benefits was discretionary and is not subject to judicial review under § 405(g)), *citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

claimant was not disabled on November 30, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, that he could lift and/or carry at least ten pounds frequently and at least 20 pounds occasionally; stand and/or walk for at least six hours total during an eight-hour workday with normal breaks; and sit for at least six hours total during an eight-hour workday with normal breaks. The claimant was further limited to only occasional stooping and was "unable to use the (non-dominant) left upper extremity for pushing, pulling, handling, or fingering." (Tr. 307). The ALJ concluded that the claimant was not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.*, furniture rental clerk, counter clerk, conveyor line bakery worker, toll collector, and parking lot booth cashier (Tr. 316-17).

## Review

The claimant contends that the ALJ erred: (i) by relying on incompetent vocational evidence; (ii) by improperly evaluating the medical evidence; (iii) by finding he had the RFC to perform his past relevant work or substantial gainful activity; and, (iv) by improperly analyzing his credibility. The Court finds the claimant's final contention persuasive.

The record reveals that the claimant suffered "degenerative disc disease of the cervical spine and lumbar spine; status post surgical replacement of the left carpal scaphoid bone with a prosthesis in the remote past; and status post successful left knee surgery in the remote past[,]"all impairments that the ALJ determined were severe (Tr. 306). At the administrative hearing, the claimant testified that he suffered from constant low back pain which radiated into the front of his left leg. He also experienced some problems with his right leg. The claimant suffered from numbness in the left leg approximately ten percent of the time and muscle spasms in the left thigh and the low back several times per week (Tr. 629-30). He also had constant problems with his neck, with pain radiating down his dominant right arm. His right hand and fingers went numb, and his thumb stayed numb all the time (Tr. 630-31). The claimant had difficulty with right hand grip and believed it was worse over the past few months. He testified he had undergone four surgeries on his left wrist, the last in 2001 (Tr. 631). He suffered from constant pain, which ran all the way into his fingers (Tr. 632). The claimant testified that he could sit in a straight back chair for 30 minutes, stand about 15 minutes, walk about 50 yards, and lift around 10 or 15 pounds with his right hand. He could not use his left hand to perform any lifting (Tr. 634-35). He drove a couple of times per week to visit his mother or to go to the store (Tr. 635). Some of his medication caused him to become nauseated, and if he ate too much his pain medication did not work as well. The claimant's condition required that he lie down several times per day (Tr. 636-37).

In his written decision, the ALJ summarized the claimant's testimony and found that "the objective medical evidence in this case establishes that the claimant has impairments, but that his impairments could not reasonably be expected to cause the alleged severity of his symptoms and functional limitations. . . . [T]he objective medical evidence in this case establishes . . . that the claimant is not credible, and that he is exaggerating and lying and malingering." (305-06). Although the ALJ listed the credibility factors set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), he only discussed the claimant's testimony about his daily activities in detail. He then concluded that "[t]he claimant's statements concerning his impairments and their impact on his ability to work [were] not entirely credible in light of the claimant's own written description of his activities and life style, the conservative nature and the infrequency of medical treatment required during the period of time relevant to this decision, the reports of the treating and examining practitioners, the medical history, the findings made on examination, the claimant's demeanor at hearing and the marked discrepancies between his allegations and the information contained in the documentary reports, and the other factors discussed in the body of this decision." (Tr. 315).

Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence when taken as a whole. *Casias*, 933 F.2d at 801. Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence

and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. "[B]oilerplate language fails to inform [a court] in a meaningful, reviewable way of the specific evidence [an] ALJ considered in determining that [a] claimant's complaints were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004), *quoting Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

The ALJ's analysis of the claimant's credibility clearly fell below these standards. For example, the ALJ considered the claimant's daily activities, *e. g.*, attending some college classes, preparing meals, cleaning and grocery shopping, driving, and socializing, but this does not *in and of itself* undermine the claimant's subjective complaints of pain. *See, e. g., Frey*, 816 F.2d at 516-17 ("Nor does the ALJ's citation of 'daily activities' indicate substantial evidence refuting Frey's complaint of disabling pain or its credibility. . . . [T]he claimant had performed a few household tasks, had worked on his cars, and had driven on occasional recreational trips. . . . [S]poradic performance does not establish that a person is capable of engaging in substantial gainful activity."), *citing Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983).[3] Further, the ALJ listed several other factors he claimed to have considered with regard to the claimant's credibility, *e. g.*, the conservative nature and the

---

[3] The daily activities relied upon by the ALJ include those listed by the claimant on a form he completed for the Social Security Administration in December 1999, in regard to his prior application for benefits (Tr. 100-05, 305). The claimant completed another similar form for his current application, indicating his activities were more limited than before (Tr. 449-54). The ALJ made no mention of this more current form, which seems to lend some support to the claimant's complaints.

infrequency of medical treatment required during the period of time relevant to this decision, the reports of the treating and examining practitioners, the medical history, the findings made on examination, the claimant's demeanor at hearing and the marked discrepancies between his allegations and the information contained in the documentary reports (Tr. 315), but he failed to identify the specific evidence that supported each of these factors in his credibility analysis. *See, e. g., Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."). *See also Hardman*, 362 F.3d at 678 ("[T]he [credibility analysis] must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'"), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion[.]" *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, if the ALJ determines that the claimant's subjective complaints result in further functional limitations, he must include those limitations in the claimant's RFC and re-determine whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 20th day of August, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**